UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FRANK VERMILLION,**

       **Plaintiff,**

v.                                                                               **Case No:   6:12-cv-1572-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

## MEMORANDUM OF DECISION

Frank Vermillion (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying his application for benefits. Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by failing to: 1) weigh Dr. Telford-Tyler's opinions; 2) weigh Dr. Oliga and Dr. Carden's opinions; and 3) order "additional testing" to determine the impact of medication on his ability to function. Doc. No. 28 at 6-13. For the reasons that follow, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

**I.**    **BACKGROUND.**

As a child, Claimant was found to be disabled due to his attention deficit disorder, and began receiving supplemental social security income benefits on August 1, 2003. R. 47. As required by law, upon attaining the age of 18, Claimant's eligibility for benefits was redetermined and the Commissioner denied Claimant's application for benefits. R. 49. Claimant requested that the determination be reconsidered, alleging that he was disabled due to several mental and psychological disorders, including attention deficit hyperactive disorder, bipolar disorder, and

borderline intellectual functioning. *See* R. 21, 86. The determination was upheld upon reconsideration (R. 84-5), prompting Claimant to file a request for a hearing before an ALJ (R. 86). On July 28, 2010, the ALJ conducted a hearing. R. 19. On September 3, 2010, the ALJ issued her opinion finding that Claimant's disability ended on February 1, 2008, and that he has not become disabled since that date. R. 26-7.

## II.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *accord Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards*, 937 F.2d at 584 n.3; *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The District Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings); *Parker v. Bowen*, 793 F.2d 1177, 1180 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied). The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the

[Commissioner].'"  *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

**III.   ANALYSIS.**

   **A.  Dr. Telford-Tyler.**

Claimant argues that the ALJ erred by not weighing Dr. Telford-Tyler's opinions, and by not explaining why she did not include or otherwise account for Dr. Telford-Tyler's opinions concerning episodic interruptions to a normal workweek and the benefit of supportive supervision in her RFC determination.  Doc. No. 28 at 10-13.  The Commissioner acknowledges that the ALJ did not weigh Dr. Telford-Tyler's opinions.  Doc. No. 29 at 10.  However, the Commissioner argues that this error is harmless because the limitations included in the ALJ's RFC determination "reasonably encompassed" the limitations noted in Dr. Telford-Tyler's opinions, and Dr. Telford-Tyler's opinions "d[o] not establish . . . any additional limitations that would [prevent Claimant] from performing a significant range of work as found by [the] ALJ."  Doc. No. 29 at 10.

Weighing the opinions and findings of treating, examining, and non-examining physicians is an integral part of steps four and five of the sequential evaluation process for determining disability.  The Eleventh Circuit has clarified the standard the Commissioner is required to utilize when considering medical opinion evidence.  In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis, what the claimant can still do despite his or her impairments, and the claimant's physical and mental restrictions, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor.  *Id*. at 1178-79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2); *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  "'In

the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" *Winschel*, 631 F.3d at 1179 (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

On November 24, 2008, Dr. Telford-Tyler, a non-examining psychologist acting as a state agency consultant, completed a mental RFC assessment (the "Assessment"). R. 348-51. Under section three of the Assessment, entitled "Functional Capacity Assessment," Dr. Telford-Tyler offered the following opinions concerning Claimant's concentration and persistence:

> The claimant seems capable of maintaining basic attention, concentration and pace for simple tasks, but would have difficulty with detailed tasks/sustained concentration. The claimant could benefit from close supportive supervision. The claimant may have episodic interruptions to a normal workweek secondary to psychologically based symptoms. Neither is a substantial limitation.

R. 350.

At step four of the sequential evaluation process, the ALJ found that Claimant has the following RFC:

> [A] full range of work at all exertional levels but with the following nonexertional limitations: the claimant is able to understand, remember and carry out simple instructions, make judgments on simple work-related decisions; interact appropriately with the public, supervisors and/or coworkers, respond appropriately to occasional changes in a usual work setting and maintain attention for 2 hour segments.

R. 22. In reaching this RFC, the ALJ discussed the following medical and opinion evidence: a consultative psychological examination performed by Dr. Oliga and Dr. Carden on October 10, 2008 (R. 353-5); two psychiatric examinations performed at Circles of Care on June 23, 2009 and April 28, 2010 (R. 375-7, 381-3), respectively; and, the opinions of Dr. Benovitz, a non-examining

psychiatrist (R. 455-62). R. 23-4.[1] The ALJ did not discuss Dr. Telford-Tyler's Assessment. *See* R. 19-27. The ALJ ultimately assigned great weight to the psychiatric examination performed on June 23, 2009 and Dr. Benovitz's opinions. R. 25.[2] The ALJ, however, did not assign any weight to Dr. Telford-Tyler's Assessment, nor did she provide any explanation as to why she did not include or otherwise account for Dr. Telford-Tyler's opinions concerning episodic interruptions to a normal workweek and the benefit of supportive supervision. *See* R. 19-27.

The ALJ erred by not assigning weight to Dr. Telford-Tyler's Assessment. *Winschel*, 631 F.3d at 1178-79. As a result, the Court is left to speculate as to whether the ALJ considered Dr. Telford-Tyler's Assessment and the opinions therein that were not included or otherwise accounted for in the ALJ's RFC determination. It is axiomatic that the ALJ's RFC determination does not have to include or account for every limitation contained in a medical opinion. *See, e.g.*, 20 C.F.R. 404.1527(e)(2)(i) ("Administrative law judges are not bound by any findings made by State agency medical or psychological consultants[.]"). The ALJ, however, is required to provide a reasoned explanation as to why he or she chose not to include a particular limitation. *See Winschel*, 631 F.3d at 1178-79; *see also Monte v. Astrue*, Case No. 5:08-cv-101-Oc-GRJ, 2009 WL 210720, at *6-7 (M.D. Fla. Jan. 28, 2009) (An "ALJ cannot reject portions of a medical opinion without providing an explanation for such a decision.") (citing *Morrison v. Barnhart*, 278 F.Supp.2d 1331, 1337 (M.D. Fla. 2003)).

Although the ALJ's RFC determination is largely consistent with Dr. Telford-Tyler's opinions, it does not include or account for Dr. Telford-Tyler's opinions concerning the benefit Claimant could receive from close supportive supervision and the likelihood that Claimant will

---

[1] Dr. Benovitz testified at the hearing. R. 455-62.

[2] The report from the psychiatric examination performed by Circles of Care on June 23, 2009, does not contain any opinions concerning Claimant's functional limitations. *See* R. 375-7.

have episodic interruptions in a normal workweek due to his psychologically based symptoms. *Compare* R. 22 *with* R. 350.  Despite the equivocal nature of these opinions, the ALJ should have provided a reasoned explanation as to why she did not include or otherwise account for these opinions in her RFC determination.  *See Winschel*, 631 F.3d at 1179; *Monte*, 2009 WL 210720, at *6-7.  This is especially so where, as here, the record contains little opinion evidence (*See* R. 1-465) and the ALJ assigned great weight to a report that contains no functional limitations (R. 375-7) and to the largely equivocal opinions of Dr. Benovitz (*See* R. 458-62).  The ALJ, however, provided no such explanation, thus preventing meaningful review of the ALJ's decision to not include or account for these opinions.  *See Kline-Parris v. Astrue*, 2011 WL 4375047, at *13-14 (N.D. Fla. Aug. 18, 2011) (finding that remand was necessary where the ALJ failed to discuss and weigh the mental RFC assessment of a non-examining state agency physician).

Moreover, the ALJ's failure to weigh Dr. Telford-Tyler's Assessment and explain why she deviated from select opinions therein is not harmless error.  Failure to state the weight given to opinion evidence from a medical source will, in very limited circumstances, result in harmless error.  *See, e.g.*, *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) ("An ALJ's failure to state with particularity the weight given different medical opinions is reversible error.  When, however, an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand.") (citation omitted); *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) ("Although the ALJ did not explicitly state what weight he afforded the opinions of [several physicians], none of their opinions directly contradicted the ALJ's findings, and, therefore, any error regarding their opinions is harmless.").  As previously mentioned, the ALJ's RFC does not include or account for Dr. Telford-Tyler's opinions concerning the benefit Claimant could receive from close

supportive supervision and the likelihood that Claimant will have episodic interruptions in a normal workweek.  *See* R. 22.  As such, the weight afforded to these opinions, particularly Dr. Telford-Tyler's opinion concerning episodic interruptions in a normal workweek, could very well result in a more restrictive RFC than the ALJ's current RFC determination.  In light of the foregoing, the Court finds that the ALJ's decision is not supported by substantial evidence.[3]

### IV. CONCLUSION.

For the reasons stated above, it is **ORDERED** that:

1. The final decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk is directed to enter judgment for Claimant and close the case.

**DONE** and **ORDERED** in Orlando, Florida on March 7, 2014.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

Chantal J. Harrington
Suite 106
1309-106 St Johns Bluff Rd
Jacksonville, FL 32225

Jessica Dumas
408 Fourth Street North
Jacksonville Beach, FL 32250

John F. Rudy, III
Suite 3200

---

[3] The Court finds this issue dispositive and does not address Claimant's remaining arguments.  *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record).  While the Court will not address Claimant's remaining arguments, the ALJ, on remand, shall weigh the opinions contained in Dr. Oliga and Dr. Carden's report from Claimant's October 10, 2008 psychological examination.  R. 353-5.

400 N Tampa St
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Dennis R. Williams, Deputy Regional Chief Counsel
John C. Stoner, Branch Chief
Jennifer L. Patel, Assistant Regional Counsel
Office of the General Counsel, Region IV
Social Security Administration
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303-8920

The Honorable Mary Brennan
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Ste 1550 New River Ctr
200 E. Las Olas Blvd
Ft Lauderdale, FL 33301